IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-cv-00019-BO

| | |
|---|---|
| JOSEPH MICHAEL GUARASCIO ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| CECELIA F. GUARASCIO ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff Joseph Guarascio's motion for summary judgment. [DE 19]. The motion is plaintiff's first dispositive motion, but it is not the first dispositive motion in the case. Last spring, defendant Cecelia F. Guarascio moved to dismiss the complaint for lack of subject-matter jurisdiction. [DE 6]. The Court concluded that plaintiff failed to carry his burden of proving subject-matter jurisdiction and dismissed the complaint without prejudice. [DE 15]. Judgment was entered accordingly. [DE 16]. Soon after judgment was entered, plaintiff filed an amended complaint without seeking leave of court. [DE 18].

Plaintiff is now back before the Court seeking summary judgment on his amended complaint. The Court cannot consider his motion because of an antecedent issue: the amended complaint upon which it depends is not properly before the Court. When a district court dismisses a complaint without providing leave to amend, its decision is a final judgment even if that dismissal was without prejudice. *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc). After a judgment has been entered, "a plaintiff may only amend her complaint by first filing a motion to reopen or vacate the judgment under Rule 59 or 60." *Id.*; *see also Calvary Christian Ctr. v. City of*

*Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013) ("We have repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated.").

Here, the Court's order granting defendant's motion to dismiss did not expressly give plaintiff leave to amend. The judgment was final. *See Britt*, 45 F.4th at 790. Plaintiff, moreover, took none of the steps required to properly amend his complaint after judgment: he neither moved to reopen or vacate the judgment nor moved for leave to file an amended complaint. As a result, the amended complaint is a nullity, as are any filings that rely on it. Accordingly, the Court STRIKES the amended complaint [DE 18] and DENIES plaintiff's motion for summary judgment [DE 19] as moot.

SO ORDERED, this 5 day of December 2023.

                                       TERRENCE W. BOYLE
                                       UNITED STATES DISTRICT JUDGE